[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The parties intermarried in Exeter, Pennsylvania on June 10, 1989. The plaintiff has resided continuously in this state since 1992, and all statutory stays have expired. There are two children issue of the marriage. They are Sharon, born June 21, 1991 and Lana, born May 29, 1995. The evidence indicates that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff, age 42, reports her health as excellent. She holds a M.D. degree, specializing in dermatology. She has engaged in the practice of her profession throughout the marriage. In addition, she has filled the role of homemaker and mother.
The defendant, is also 42 years old and enjoys good health. He is a medical doctor, with a specialty in plastic surgery. He also holds a masters degree in business administration and spends his time primarily as an investment professional while carrying on a part time practice as a plastic surgeon.
The parties are bright, well educated and talented. Unfortunately, these common traits did not help them to enjoy a happy relationship. A recitation of the reasons for the breakdown of this marriage would serve CT Page 16100 no useful purpose. The court finds that the defendant must bear the major responsibility for the failure of the marital relationship.
The court has carefully considered all the criteria in General Statutes Sections 46b-56, 46b-62, 46b-81, 46b-82, 46b-84 and 46b-215a-b in the determination of the orders set forth below.
The following orders may enter:
(1) Custody
 (A) The court orders in accordance with the stipulation of the parties that they share joint legal custody of their two minor children. The primary residence of the children shall be with the plaintiff.
 (B) The parties are hopeful of entering into a parenting plan agreement with the assistance of the attorney for the minor children, Catherine Whelan. If they are successful, they shall submit their stipulation in writing for the approval of the court. If approved, the stipulation shall be incorporated into the judgment. If the parties are unable to reach an agreement on all or any parts of a parenting plan, either party may request a hearing before any judge sitting in the family division at Stamford for a hearing on the issues outstanding. All pendente lite orders as to custody and visitation shall continue until further order of the court.
 (C) The plaintiff shall remain the custodian of all the children's custodial accounts listed on the plaintiff's financial affidavit.
 (2) Real Property 
 The court finds that the fair market value of the marital residence to be $1,350,000 and the fair market value the Cotuit, Massachusetts property to be $415,000.
 (A) The defendant shall transfer to the plaintiff all his right, title and interest in the family home at 248 Turtleback Road, New Canaan, subject to the CT Page 16101 mortgage thereon, which the plaintiff shall save the defendant harmless from.
 (B) As an assignment of property, the plaintiff shall pay to the defendant the sum of $100,000. This payment shall be made, without interest thereon, by March 15, 2001.
 (C) The plaintiff shall transfer to the defendant all her right title and interest in the real property located at 1208 Main Street in Cotuit, Massachusetts, subject to the mortgage thereon, which the defendant shall save the plaintiff harmless from.
 (D) The defendant shall retain his one-half interest in the real property located at 19 Salutation Street in Boston, Massachusetts.
 (3) Other Assets
 (A) The parties shall equally divide in kind the assets in their joint DLJ direct brokerage account.
 (B) The plaintiff is awarded: (based on financial affidavit dated 11/14/00)
(1) Bank accounts at People's Bank and Morgan Stanley;
(2) Securities at Morgan Stanley;
(3) Retirement Funds — IRA and TIAA CREF;
(4) Two Honda automobiles;
(5) Her jewelry;
(6) Interest in her dermatology practice.
(C) The defendant is awarded: (based on financial affidavit dated 11/9/00)
(1) Bank accounts at Fleet Bank, People's Bank and First Union Bank;
(2) Fidelity Brokerage account; CT Page 16102
(3) Retirement Funds — Fidelity IRA, Fidelity SEP IRA and Merrill Lynch
(4) Limited Partnership Investment;
(5) Jeep automobile;
(6) Security deposit
(7) His three boats.
(4) Other Personal Property
 (A) The parties shall mediate distribution of household furniture and furnishings with the Family Services Unit of the Superior Court. If mediation does not produce an agreement with respect to the distribution of all items, then those items that remain in dispute will be allocated by the court after hearing. The court retains jurisdiction to divide personal property pursuant to this paragraph.
 (B) The plaintiff shall promptly return to the defendant the following items: (1) his passport; (2) the Vietnamese collection; (3) the Martin guitar; (4) his Rolex watch; and (5) his tools. For all items the plaintiff reports she cannot locate she shall pay the defendant the replacement value of the item upon satisfactory proof of its value. The Family Services Unit may assist in any disputes as to values before court intervention is requested.
 (C) The custom made kitchen cabinets in the plaintiff's possession are awarded to her. She shall pay to the defendant $10,000 at the time any of the following events occur: (1) the plaintiff sells the cabinets; (2) makes a gift of them to anyone; (3) installs the cabinets while occupying the residence; (4) transfers the title to the residence and includes the custom cabinets in the transfer.
 (5) Liabilities and Fees 
 (A) In accordance with the stipulation of the CT Page 16103 parties the balance due Pear Tree Point School for tuitions for the school year September 2000 through June 2001 shall be paid from the parties' joint DLJ account.
 (B) Each of the parties shall be solely responsible for all other debts listed on her/his financial affidavit and shall indemnify and hold the other harmless for the same.
 (C) Each party shall be responsible for his or her own counsel fees.
 (D) Each party shall be responsible for the payment of one-half of the fees of Catherine Whelan, attorney for the minor children.
 (6) Alimony
 Neither party has requested periodic alimony. After considering the circumstances and the statutory criteria, the court agrees that not awarding periodic alimony would be appropriate. Consequently, no periodic alimony is awarded either party.
 (7) Child Support 
 The combined net weekly income of the parties exceeds $2,500. Therefore, the child support guidelines do not apply. However, the presumptive weekly support obligation for two children is $566.
 Based on a comparison of incomes, the defendant's weekly obligation for child support is found to be $176. The defendant's obligation for unreimbursed medical expenses in excess of $100 per year, per child, and for qualified child care costs would be 34% of all such costs. The parties have each requested that the defendant be ordered to pay a fixed sum including both his obligations for child support and child care expenses, and the defendant be responsible for one-half of all unreimbursed medical expenses of the children. Although there is a substantial difference of opinion between the parties as to the weekly qualified child care expenses, their requests for a child support order are approximately $100 per CT Page 16104 month apart.
The following orders may enter in accordance with the joint request of the parties.
 (A) The defendant shall pay as child support and for his obligation for qualified child care expenses the sum of $1,400 per month (4.3 weeks x $325 per week, actually $1,397.50). The payments shall commence on January 1, 2001 and continue, in advance, on the first day of each month thereafter until the death, emancipation or the reaching of majority of each child, whichever event first occurs. This order is subject to the provisions of Section 46b-84(b) of the General Statutes.
 (B) Each party shall be responsible for one-half of all unreimbursed and uninsured medical and dental expenses of the children.
 (C) A contingent wage withholding order may enter.
 (D) Both children attend private school, and the plaintiff has requested that the defendant be required to pay 1/2 the costs involved. The defendant objects to this request. The parties agree that both children are intelligent. The plaintiff's main reason for sending them to private school is that their abilities can be better developed by their receiving more attention in that environment. There was no showing of the children's special needs for private schooling or the inadequacy of the local public schools. The defendant has offered compelling reasons why he is opposed to the children continuing in private school. The court believes the reasons presented by the defendant were made in good faith.
 The right of the custodial parent to make educational choices is an insufficient basis, absent a showing of special needs or some other compelling justification for increasing the support obligation of the non-custodial parent who genuinely doubts the value of the program that he is being asked to underwrite. Hardisty v Hardisty, 183 Conn. 253
at 265. The plaintiff's request for a contribution from the defendant for private school costs is denied.
CT Page 16105
(8) Medical Insurance 
 The defendant shall maintain medical insurance for the benefit of the minor children. Section 46b-84(e) of the Connecticut General Statutes shall apply.
 (9) Life Insurance 
 The defendant owns no life insurance policy insuring his life. He offered no explanation for this lack of protection for his estate or his children.
 The court believes some insurance coverage is necessary as security for the defendant's obligation to pay child support.
 The court reserves jurisdiction over the issue of whether the defendant has the ability to acquire life insurance, and, if so, the amount of coverage.
The court gives the defendant the following options:
 (1) Obtain $100,000 of term life insurance for as long as he has a child support obligation. He shall nominate the plaintiff as revocable beneficiary with the plaintiff to hold the proceeds therefrom for the benefit of the children. The defendant shall annually furnish the plaintiff with proof of said coverage.
 The amount of coverage may be modifiable at any time modification of the child support obligation is requested.
 (2) If the defendant rejects the prior option, then he shall submit to a physical examination to determine his eligibility for life insurance, and, if insurable, he shall obtain the premium costs of term life insurance for the amount of $100,000, $150,000 and $200,000. This shall all be completed by February 1, 2001. Either party may request a hearing thereafter on this issue.
 (10) Each of the parties shall sign such documents as may be necessary to carry out the terms of this CT Page 16106 judgment, including the distribution of real and personal property.
 (11) The parties shall indemnify and hold each other harmless with respect to any previously filed joint tax return according to their respective claims of income, business expenses and deductions claimed on such return(s).
Judgment may enter accordingly.
NOVACK, JUDGE TRIAL REFEREE